UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES BEAMAN,

                            Plaintiff,

                                                               <u>DECISION AND ORDER</u>

                                                                 10-CV-6480L

                            v.

SUPERINTENDENT DAVID M. UNGER, et al.,

                            Defendants.
_____

      Plaintiff, James Beaman, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in certain respects in 2009 and 2010, while plaintiff was confined at Wyoming Correctional Facility. Defendants, all of whom at all relevant times were employed by DOCS at Wyoming, have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

      According to the complaint, the factual allegations of which are accepted as true for purposes of defendants' motion, on December 21, 2009, plaintiff slipped and fell on an icy walkway while he was on his way to the mess hall at Wyoming. He alleges that as a result of the fall, he suffered injuries to his right hand, wrist and elbow. Complaint at 5-A-1.

      Plaintiff alleges that immediately after his fall, he was seen by a nurse at Wyoming, who gave him ibuprofen and told plaintiff that he "would heal up just fine." *Id.* The next day, plaintiff was seen by a different nurse, who gave him more ibuprofen and advised him to "ride out the pain." *Id.*

Plaintiff continued to suffer severe pain, however, and about six weeks after his fall, he was seen by Dr. Habib Shiekh. Dr. Shiekh scheduled an x-ray exam.

Plaintiff was given an x-ray, and about three weeks later, he went back to see Dr. Shiekh to learn of the results. Dr. Shiekh informed plaintiff that "nothing was broken or fractured," but plaintiff–who in the meantime had filed a grievance over his dissatisfaction with his medical care–insisted that "something was certainly wrong with his wrist and finger ... ." *Id.* at 5-A-2.

About a week later, plaintiff was scheduled (by whom is not clear from the complaint) to see an outside specialist. At his meeting with the specialist, the specialist informed plaintiff that the x-rays revealed fractures in plaintiff's wrist and finger. Because of the delay in the correct diagnosis and treatment, surgery was required to correct plaintiff's wrist injury, but the specialist told plaintiff that nothing could be done about his finger, which remains permanently bent and disfigured. *Id.*

Plaintiff did undergo surgery at an outside hospital to remove some bone fragments and reset his wrist bone. The surgery was generally successful, and plaintiff went through sixteen sessions of occupational therapy afterwards, but he claims that he continues to suffer chronic pain in his wrist. *Id.*

Based on these allegations, plaintiff has sued Dr. Shiekh, the two nurses who saw him after his injury (identified in the complaint as "John Doe" and "Jane Doe"), and David M. Unger, the superintendent of Wyoming. He alleges that defendants violated his rights under the Eighth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages for his injuries.

## DISCUSSION

**I. Eighth Amendment Claims:  General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429

U.S. 97, 106 (1976). A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702). Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (internal quotation marks omitted).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Sowell v. Chappius*, 695 F.Supp.2d 16, 20 (W.D.N.Y. 2010).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing

society," *id.* at 105-06.  It is clear, then, that allegations of malpractice alone do not state a constitutional claim.  *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04.

**II. Application to this Case**

Accepting the truth of plaintiff's allegations, I find, for purposes of defendants' motion to dismiss, that he has alleged facts showing that he suffered from a serious medical need.  Plaintiff alleges that he suffered from bone fractures that caused significant pain and swelling.  *See Sutherland v. Allison*, No. 10-11673, 2011 WL 412632, at *4 (11th Cir. Feb. 9, 2011) (fractured arm that requires surgery and subsequent hospital stay is an objectively serious medical need); *Andrews v. Hanks*, 50 Fed.Appx. 766, 769 (7th Cir. 2002) (allegation of broken wrist states serious medical need); *but see Osacio v. Greene*, No. 08-CV-0018, 2009 WL 369838,2 at *4 (N.D.N.Y. Nov. 2, 2009) (fracture to a prisoner's third metacarpal "does not rise to the level of a serious medical condition").

The complaint, however, fails to allege facts showing that defendants were deliberately indifferent to that serious medical need, for purposes of an Eighth Amendment claim.  In other words, plaintiff has failed to satisfy the subjective prong of his claim.

According to plaintiff's allegations, he did receive medical treatment for his injuries.  The most that his allegations show, however, is that the two nurses and Dr. Shiekh misdiagnosed his injuries, and failed to recognize the severity of those injuries.  Such allegations might conceivably show malpractice, but they do not state an Eighth Amendment claim.  *See Grose v. Correctional Medical Services*, No. 06-CV-15175, 2009 WL 2741515, at *4 (E.D.Mich. Aug. 25, 2009) (at most, evidence supported a finding that defendant committed medical malpractice in failing to diagnose prisoner's knee fractures, and "the delays experienced by Grose under the circumstances reflected in the record, including the circumstance that Grose was continuously provided with medical care throughout her incarceration, do not permit a reasonable inference of subjective deliberate indifference"); *Aho v. Hughes*, No. 3:03CV1552, 2005 WL 2452573, at *7 (D.Conn. Sept. 30, 2005)

(two-month delay in diagnosing fracture in plaintiff's left hand did not satisfy subjective prong of Eighth Amendment claim); *Rodriguez v. Ames*, 224 F.Supp.2d 555, 563 (W.D.N.Y. 2002) (defendant's delay in diagnosing fractured hand did not constitute deliberate indifference to serious medical needs).  Plaintiff's claims must therefore be dismissed.

In addition, I note that plaintiff's claims against defendant Unger would have to be dismissed in any event.  Plaintiff's allegations fail to show that Unger was in any way personally involved in the alleged constitutional violation.  *See Wesolowski v. Harvey*, ___ F.Supp.2d ___, 2011 WL 1224498, at *2 (W.D.N.Y. 2011); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 12, 2011.